IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| JARED EASTMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:17-cv-649-MHT-TFM |
| | ) | [wo] |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, *et. al.*, | ) | |
| Defendant. | ) | |

# **O R D E R**

The Court has reviewed the Plaintiff's and Defendants' Briefs (Docs. 61 and 66) on the standard of review to be applied and the scope of discovery in this case brought pursuant the Employee Retirement Income Security Act of 1974 as amended ("ERISA") 29 U.S.C.§ 1001 et seq. The parties agree that the Plan vests discretionary authority on Defendant LINA, which normally requires the application of the arbitrary and capricious standard and limits the scope of discovery. The parties also recognize that the Plan contains a choice of law provision requiring the application of Delaware law and the Wrap Around Plan contains a provision requiring the application of California law. However, Plaintiff argues because the Wrap Around Plan contains a provision requiring the application of California law that the de novo standard applies since California law nullifies discretionary clauses like the ones in the Plan at issue. Based upon the Court's review of the briefs, the Court has identified a couple of areas where additional briefing will assist the Court in making

the determinations of the standard of review to be applied and the scope of discovery in this ERISA case.

Accordingly, it is

ORDERED that on or before April 16, 2018, Defendants shall provide a brief, which includes affidavit testimony if necessary, on the narrow issues as follows:

1) What is the relationship between the ERISA Policy or Plan and the Wrap Around Plan Document? Specifically, which document governs the Court's determination of which conflict of law provision applies in this case and why? Also, provide legal support for your position.

2) Why should the ambiguity or discrepancy between the conflict of law provisions not be resolved against Defendants under the principles of contract construction which require any ambiguity in a contract to be construed against the drafter?

It is further

ORDERED that on or before April 23, 2018 Plaintiff shall provide a responsive brief which addresses these narrow issues.

DONE this 2nd day of April, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE